# UNITED STATES DISTRICT COURT
## Southern District of Texas
## Houston Division

| | | |
|---|---|---|
| ROBERT L. JONES, JR.<br>    Plaintiff | §<br>§<br>§<br>§ | CASE NUMBER: 4:18-cv-03381 |
| V. | §<br>§<br>§<br>§ | **DEMAND FOR JURY TRIAL** |
| NATIONAL JUDGMENT RECOVERY<br>CENTER, LP<br>    Defendant | §<br>§<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

1.      This is an action for actual and statutory damages and for declaratory relief brought by Robert L. Jones, Jr. against National Judgment Recovery Center, LP, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA"), and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA").

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to U.S.C. § 2201 and 2202.  Venue in this District is proper in that Defendant transacts business here and the conduct complained of occurred here.

3.      Plaintiff Robert L. Jones, Jr., ("Jones") is a natural person residing in Harris County, Texas, who allegedly owed an unpaid balance on a credit card account obtained for personal use. Jones is a "consumer" as defined by the FDCPA at 15 U.S.C. § 1692a(3) and by the TDCA at Tex. Fin. Code § 392.001(1).

4.      Defendant National Judgment Recovery Center, LP ("NJRC") is a collection agency based in Houston, Texas and is in the business of collecting consumer debt in this State. Using instruments of interstate commerce, NJRC sought to collect from Jones the unpaid balance allegedly due on a credit card account. NJRC has filed with the Texas Secretary of State a surety bond to engage in debt collection activities in Texas (File No. 20120228). NJRC is a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692a(6) and by the TDCA at Tex. Finance Code § 392.001(6). NJRC is also a "third-party debt collector" as defined by the TDCA at Tex. Fin. Code § 392.001(7).

## FACTUAL ALLEGATIONS

5.      On or about March 29, 2006, UniFund CCR Partners, LLC ("UniFund") filed a lawsuit against Plaintiff bearing cause no. 860719 in the Harris County County Courts At Law for a purported unpaid credit card debt.

6.      Despite the fact that Plaintiff asserts that he was never served with the underlying lawsuit, a default judgment was entered against him on or about May 19, 2006.

7.      On or about April 15, 2016, UniFund attempted to execute on the judgment. A writ of execution was issued but it was return unserved because the writ had expired by the time it was delivered to the Constable.

8.      On or about May 19, 2016 the judgment expired.

9.      On or about November 16, 2016, Defendant, NJRC, was assigned the judgment from UniFund CCR.

10.     On or about August 15, 2017, NJRC filed an Application for Writ of Scire Facias to Revive Dormant Judgment. The application for writ of Scire Facias listed the judgment defendant's, the Plaintiff herein, address as 21607 Park Wind Ct., Katy, Texas 77450.

11.     Plaintiff currently resides at 4026 Sand Ripple Ln., Katy, Texas 77449 and has resided at this address since 2000. Plaintiff has never resided at 21607 Park Wind Ct.,

Katy, Texas 77450 nor has he ever used this address in any way shape or form. Despite this fact, NJRC claims to have personally served Plaintiff with the application for Writ of Scire Facias at the Park Wind Ct. address on October 14, 2017. See the attached exhibit "E" which is the return of service on the application for Writ of Scire Facias.

12. On or about January 9, 2018 the Court granted NJRC's application for Writ of Scire Facias based on NJRC's defective return of service.

13. On or about February 20, 2018 NJRC file a Writ of Garnishment against Plaintiff's bank account with Bank of America.

14. Plaintiff retained the Ciment Law Firm, PLLC to defend his interest in the writ of garnishment and to file a bill of review challenging the underlying judgment and has incurred legal fees in said defense. Plaintiff first learned of the judgment when his bank account was frozen due to the writ of garnishment NJRC filed.

15. On or about July 9, 2018 NJRC dismissed the garnishment action.

16. On or about July 18, 2018 Plaintiff and NJRC signed an agreed order vacating the order granting the Writ of Scire Facias and declaring the underlying judgment expired and unenforceable.

17. The foregoing acts and omissions of the Defendant were undertaken by it willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

18. The foregoing acts and omissions of the Defendant were undertaken by it indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiff.

19. As a proximate result of the foregoing acts and omissions of the Defendant, Plaintiff was forced to retain legal counsel to defend his interests in the state court actions and has suffered actual damages in the amount of attorney's fees paid to counsel for said defense. Additionally, Plaintiff as suffered actual damages and injury, including but not

limited to, stress, humiliation, mental anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial.

20. All of Defendant's actions which violated the law occurred within one year of the date of this Complaint. Moreover, the actions made by Defendant in its collection attempts are to be interpreted under the "unsophisticated consumer" standard. (See, Bartlett v. Heibl, 128 F.3d. 497, 500 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); and Gammon v. GC Services, LTD. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Respondeat Superior Liability

21. The acts and omissions of Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits and within the sphere of their respective employments in their agency relationships with their principal, the Defendant.

22. The acts by Defendant and its agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

23. By committing these acts against Plaintiff, these agents of Defendant were motivated to benefit their principal, the Defendant.

24. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by his collection employees, including but not limited to violations of the FDCPA and Texas law, in their attempts to collect this debt from Plaintiff.

### COUNT I

### Violations Of The FDCPA

25. The Plaintiff repeat, reallege, and incorporate by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the following:

    a. Misrepresenting the character, amount or legal status of a debt in violation 15 U.S.C. § 1692e(1) amongst others.

    b. Disclosing to a third party that the Plaintiff owes a debt in violation 15 U.S.C. § 1692b(2) amongst others.

    c. Taking actions that cannot legally be taken in violation 15 U.S.C. § 1692de(5) amongst others.

26. Under 15 U.S.C. § 1692k, Defendant's violations of the FDCPA render it liable to Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

### COUNT II
### Violations of the Texas Debt Collection Act

27. The Plaintiff repeat, reallege, and incorporate by reference the foregoing paragraphs. The Defendant's violations of the TDCA include, but are not limited to the following:

    a. Misrepresenting the character, amount or legal status of a debt in violation Texas Fin. Code Sec. 392.304(a)(8) amongst others.

    b. Taking actions that cannot legally be taken in violation Texas Fin. Code Sec. 392.301(a)(8) amongst others.

28. Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the TDCA render it liable to Plaintiff for statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

### COUNT III
### Violations of the Texas Deceptive Trades Practices Act

29. The Plaintiff repeat, reallege, and incorporate by reference the foregoing paragraphs. The Defendant's violations of the DTPA include, but are not limited to the following:

   a. Pursuant to Tex. Fin. Code Ann. § 392.404, the Defendant's violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, ("DTPA") and is actionable under that subchapter.

30. Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendant's violations of the DTPA render it liable to Plaintiff for injunctive relief and reasonable attorney's fees.

## COUNT IV
### Invasion of Privacy by Intrusion Upon Seclusion

31. The Plaintiff repeat, reallege, and incorporate by reference the foregoing paragraphs.

32. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

   **Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.**

   15 U.S.C. § 1692(a) (emphasis added).

33. Defendant and/or its agents intentionally and/or negligently and/or recklessly interfered, physically or otherwise, with the solitude, seclusion and or private concerns of affairs of Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

34. Defendant and its agents intentionally and/or negligently and/or recklessly caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's rights to privacy.

35. The conduct of Defendant and its agents, in engaging in the above described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant, which occurred in a way that would be highly offensive to a person in that position. In applying the "least sophisticated consumer" axiom, such conduct on the part of Defendant was, and is, reprehensible and compensable.

36. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages from Defendant in an amount to be determined at trial.

## PRAYER FOR RELIEF

Plaintiff, Robert L. Jones, Jr., prays that this Court:

1. Declare that Defendant's debt collections practices violated the FDCPA, TDCA and the DTPA;
2. Enjoin the Defendant's actions which violate the TDCA and the DTPA;
3. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, exemplary damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403;
4. Grant such further relief as deemed just.

Respectfully submitted,

Ciment Law Firm, PLLC

/s/ Daniel J. Ciment
_____
Daniel J. Ciment
Texas Bar No. 24042581
24275 Katy Freeway
Suite 400
Katy, TX 77494
833-663-3289 – phone&fax
Daniel@CimentLawFirm.com
ATTORNEY FOR PLAINTIFF